Judge Underwood,
delivered the opinion of the court.
In May 1811, Bennett C. Shackleford agreed to convey to Win. Barnett within forty days, a tract of land, the fee simple title to which was in Rachel, the wife of said Bennett, who also stipulated that his wife should unite with him in the conveyance, “so as to relinquish all her right title and interest.” In June following, a deed was prepared and signed by Shackleford and wife. The land lies in Madison. It appears from the certificate endorsed on the deed, under the hand of Thomas Helm, clerk of the Lincoln county court, that Shackleford and wife appeared before him on the 18th of June, 1811, and acknowledged the deed, “she being first privily examined seperately and apart from her said husband, as the law directs, declared that she freely and voluntarily relinquished all her right of dower to the tract of land therein mentioned.” The deed with Helm’s certificate thereon wms recorded, in due time, in the clerk’s office of the Madison county court. It is too obvious to need elucidation, that the certificate of Helm, as to the execution of the deed on the part of Mrs. Shackleford, and the recording thereof with the deed, are insufficient, under our acts of Assembly regulating conveyances, to pass the legal estate to Barnett. Satisfied of the existence of such a defect, he has filed a bill in chancery against Mrs. Shackleford, who survived her husband, in which he charges, in *533 substance, that the deed was acknowledged by Shack-leford and wife according to the forms of law, in such manner as was requisite to pass the estate of the and that a certificate in due form shewing that fact, was endorsed on the deed, and signed by Helm the clerk of the Lincoln county court, and that thereafter, the said clerk through ignorance or mistake or by the fraudulent procurement of Shackleford and wife, by erasure and addition so changed the certificate as to make it amount, on the part of the wife, to no more than a relinquishment of dower. Wherefore, the complainant now plaintiff in error, prayed for relief in the premises, &c. The court upon a demurrer to the bill, gave judgment dismissing it with costs.
Certificate of feme covert’s ation mwf order to pas3 her title to \^^bere~
Deed, made by a femecov-yey herestate in lands,,un-Ies3i* 8e exe-cordance with the mode prescribed by. purs^anTe 'of a decree or judgment of a °etent°f'urS" diction, is raid. Wheth-®r a deei* h,as executed by a feme covert so ^Sja^r mustbepro»e¿ by the record, because the cord. and only, effectual to. pass her title.
*533 The 7th and 8th sections of the act of 1748, (I. Digest, 305,) which make it essentially necessary that the privy examination of a feme covert should be recorded in order to pass her title in lands, have not, to our knowledge, been repealed. So far from it, the subsequent acts of our parent state, and of our own Legislature, wherever the mode of executing deeds by feme coverts has been prescribed, have in their phraseology strongly intimated the necessity of recording the certificate of the feme covert’s privy examination, in order to pass her title. A deed executed by a feme covert purporting to convey her estate in lands, unless it be done in accordance with the mode prescribed by statute, or in pursuance of a decree or judgment of a court of competent jurisdiction, is void, Whether a deed has been properly executed by a feme covert so as to pas her title, must be proved by the record when compared with the requirements of the statutes, because it is matter of, record, and that only which the law has made effectual to pas her title.— Now in this case, the bill asks us to set aside the record as it exists, and upon an allegation of ignorance, mistake or fraud, to make up a record against the will of the feme by which she shall be deprived of her land. She cannot thus be coerced by the chancellor. In parting with her title, the law has been very cautious that she shall act freely and voluntarily, hence the provision for an examination seperate and apart from her husband. To coerce her is opposed to the freedom of volition which the law in *534 tends she shall always exercise. But it is urged, that the chancellor is only called on to give efficacy to an acknowledgement made in due form and without constraint, and that the only coercion contemplated is to hold her to an act valid when done, and from which she cannot retract now, without doing manifest injustice to the plaintiff in error. All this is sufficiently answered by saying that there is no evidence that she performed the act. Parol evidence is not sufficient, it can only be proved by the record. If parol evidence should be admitted to establish it, then an acknowledgement by a feme covert before witnesses in pais, when aided by the chancellor, would be as good as an acknowledgment before the officer designated by law and making up a record thereof in the manner prescribed; and thus the guarded provisions of our statutes might be substituted by a new branch of equity jurisdiction. The cases of hardship supposed by the plaintiff’s council can never happen, if the vendees of the husbands oí feme coverts will use properprecaution. If they do not, they must abide the losses consequent on their own imprudence. When losses occur, the husbands and-purchasers will, in the general, be more in fault than the wife, whose estate is too often made the subject of speculation by her mismanaging husband.
That the acknowledgement of a feme covert was different from that recited in the certificate of privy-examination of record, cannot be proved by pa-rol evidence.
Turner, for plaintiff; Owsley, for defendant.
The case of Elliott, &c. vs. the lessee of Peirsol, &c. decided by the supreme court of the U. States, I. Peters, 328 is in point, and confirms the doctrines advanced.
Wherefore, the decision is affirmed with costs.